## ELDRIDGE AND WIFE, APPELLANTS, v. LIPPINCOTT, GUARDIAN, APPELLEE.

1. The mother is entitled to the guardianship of her infant children, after the father's death, unless some strong reasons render her appointment improper.

2. If the Orphans' Court assign an insufficient reason for the appointment of another person, the Supreme Court will reverse the decree of appointment. If no reason is assigned for the appointment of another, this court cannot presume that they proceeded on improper grounds.

3. It is incumbent on a party impeaching the decree of a court, to show that it proceeded contrary to law; it can never be presumed.

On *certiorari* to the Orphans' Court of Gloucester county, to remove proceedings and a decree of that court appointing appellee guardian.

The matter came before the court upon a case certified by the Orphans' Court, and returned with the *certiorari*, by which it appeared that Tomlinson died in the year 1792, intestate, leaving four children. His widow, the wife of Eldridge, the appellant, administered. The personal estate of the intestate amounted to £167, which had been disposed of in the regular course of administration. The real estate had been levied upon and sold by the sheriff, on execution, and after all debts paid, there remains £160 for distribution. The case then proceeded to state that all the children were under fourteen years of age, the eldest being not more than twelve, and the youngest about four years old, at the time of contesting the guardianship; that, in 1794, the widow of the intestate, the

mother of the children, married Eldridge, the present appellant. The Orphans' Court, upon the petition of twelve persons related to and connected with the children, and after hearing the appellants, who claimed the guardianship in right of the said wife as mother, decreed the guardianship to the said Lippincott, the appellee, who is stated to be in no degree related to or connected with the children.

An appeal had been taken from this decree to the governor, where it was dismissed for want of jurisdiction.

[398] *Leake*, for the appellants—

1st. The mother, upon the principles of the common law, is entitled to the guardianship of her children after the death of their father and her husband, in her right. 1 *Bl. Com.* 461; *Mellish* v. *DeCosta,* 2 *Atk.* 14; 1 *Vesey* 158, in the case of *Roach* v. *Gawan;* 4 *Com. Dig.* 279, title " *Guardian,*" *lett. D; Swinb.* 210, 211; *Harg. Co. Litt.* 91, *a, nota; Ib.* 105, *a.*

2d. Although the act of assembly gives a discretion to the court to appoint the widow or next of kin as guardian, yet that discretion ought always to be regulated by the same rules of preference and reasonable restriction which existed at the common law. When anything is left to any person to be done according to his discretion, the law intends it must be done with sound discretion, and according to law. See 1 *Lill. Abr.* 477; 1 *Day's Rep.* 81, *nota;* 3 *Bac. Abr.* 404, 407, 409; 1 *Wooddes* 461.

It was objected in the court below, that a *feme covert* ought not to be appointed guardian, because she could not give security. This is answered by the law admitting her to stipulate by a friend. 4 *Burns' Just.* 407, *tit.* " *Wife,*" § 19; 4 *Bl. Com.* 254. In this case the husband claims the guardianship in right of his wife, and no impediment exists as to him.

*Davenport, contra.* The law gives the court a complete and unlimited discretion, subject to control only when it ap-

pears to have abused its powers to arbitrary or fraudulent purposes. There is nothing apparent on the case stated which shows that the court below acted improperly, or abused their discretionary authority ; for aught that appears, they might have acted upon principles which, as the law stood before the act, would have afforded sufficient grounds for passing by the mother.

KINSEY, C. J. I think the law, as it has been laid down by Mr. Leake, is correct. I have but one doubt, which is that, as upon the case it does not appear upon what grounds the court below decided against the appellants, it is not made out to our satisfaction that they acted erroneously ; there cer-[399]-tainly may exist grounds which would justify such an exercise of their authority.

*Leake.* The inferior court are to be presumed in their report to have stated all the facts. The appellants have *prima facie* a right to the guardianship, and nothing is to be presumed against their claim. If any specific objection had been made, it ought to have been, and would have been, stated.

The opinion of the court was delivered on the following day, after advisement, by—

KINSEY, C. J. The law was accurately stated by Mr. Leake. Both before and since the act of assembly, the mother, in cases of this kind, after the death of the father, has been considered as entitled to the guardianship and custody of her children, unless there existed some strong reasons which rendered her appointment improper. The Orphans' Court must exercise a discretion under the guidance of those principles which governed in like cases before the act. Before the act the mother might, for good cause, be set aside, and the guardianship committed to another. It does not appear on this report upon what fact of disqualification they decided against the mother's application. It appears to have been on the

application of twelve relatives in favor of Lippincott. If the inferior court had assigned a reason which appeared to us insufficient, we should, without difficulty, reverse their decree.

They have not done this, and we cannot presume, in the absence of all proof of the fact, that they have acted without adequate reasons. (a) It is incumbent on a party impeaching the decree of a court to show that it proceeded against law and right; this will never be presumed. We are, therefore, unanimously of opinion that the decree be affirmed.

Decree affirmed.

(a) Upon the same principle the court decided in *Kidder* v. *Townsend,* 3 *Johns.* 435, that where the evidence given at the trial of a cause before a justice is set forth in the return to a *certiorari,* the court will decide whether it was sufficient to support the plaintiff's declaration, and if they consider it insufficient the judgment below will be reversed; but if the evidence is not stated in the return, the court will presume that it was sufficient to support the declaration.

CITED *in* State v. *Mahew,* 4 *Hal.* 70 ; *Tenbrook* v. *McColm,* 5 *Hal.* 333 ; State v. *Hanford,* 6 *Hal.* 71; *Morris* v. *Morris,* 1 *Harr.* 530; *Albert* v. *Perry,* 1 *McCar.* 540.